**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GREGORY BARNES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-00806-SMY |
| ) | |
| **FRANK LAWRENCE, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

Plaintiff Gregory Barnes filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Defendants filed a Motion for Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies on July 20, 2020 (Docs. 19, 20). Along with their Motion, Defendants filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to their motion within thirty days and advising him of the perils of failing to respond (Doc. 21). Plaintiff has not filed a response to the motion or requested additional time to do so.

Additionally, Plaintiff was advised that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to do so would result in dismissal of this case (Doc. 10). Nevertheless, Plaintiff has failed to keep the Court advised of his current address. Plaintiff's address of record with the Court is Pontiac Correctional Center. (Doc. 8). However, the Court was notified by Pontiac Correctional Center on July 28, 2020 that Plaintiff is no longer incarcerated at that facility. According to the Illinois Department of Corrections website, Plaintiff has been paroled.

On September 24, 2020, the Court issued an Order for Plaintiff to show cause on or before October 8, 2020 why this case should not be dismissed for failure to comply with a court order and to prosecute his claims. (Doc. 22). The Order advised Plaintiff that his failure to respond would result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b) without further notice. (*Id.*). The Clerk of Court mailed the Order to Plaintiff at his address of record, but it was returned as undeliverable. (Doc. 23).

Plaintiff is responsible for maintaining communication with the court concerning his suit and has not done so. *See Buchanan v. Weaver*, 657 F. App'x 588, 590 (7th Cir. 2016) (citing *see Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Accordingly, this case is **DISMISSED** without prejudice for failure comply with a court order and for failure to prosecute. Fed. R. Civ. P. 41(b). The dismissal does not count as a strike within the meaning of 28 U.S.C. § 1915(g). Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be without merit, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 14, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
